IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCIA K. DENISON,                              07-CV-905-BR

          Plaintiff,

                                        OPINION AND ORDER
v.

MARVIN BROWN, Oregon State
Forester, in his official
capacity; STEPHEN HOBBS;
BARBARA CRAIG; LARRY
GIUSTINA; CHRIS HEFFERNAN;
WILLIAM HUTCHINSON; JENNIFER
PHILLIPPI; and DIANE SNYDER,
members of the Oregon Board
of Forestry in their official
capacities; KENT GREWE and
MARTIN NYGAARD private
corporate persons; and
WILLIAM L. RICHARDSON, in his
official capacity as Judge of
Oregon Court of Appeals,

          Defendants.


1 - OPINION AND ORDER

**MARCIA K. DENISON**
P.O. Box 1463
Rainer, OR 97048
(503) 556-4012

       Plaintiff, *Pro Se*

**HARDY MYERS**
Oregon Attorney General
**SETH T. KARPINSKI**
**JESSE B. DAVIS**
Assistant Oregon Attorneys General
1162 Court Street, N.E.
Salem, OR 97301
(503) 378-6313

       Attorneys for Defendants Marvin Brown, Stephen Hobbs,
       Barbara Craig, Larry Giustina, Chris Heffernan, William
       Hutchinson, Jennifer Phillippi, Diane Snyder, and
       William L. Richardson

**BLAIR J. HENNINGSGAARD**
P.O. Box 1030
Astoria, OR 97103
(503) 325-0151

       Attorney for Defendants Kent Grewe and Martin Nygaard


**BROWN, Judge.**

    On June 19, 2007, Plaintiff Marcia Denison filed a Complaint in this Court against the Oregon Department of Fish and Wildlife. On June 26, 2007, the Court issued an Opinion and Order in which it dismissed Denison's Complaint for failure to comply with Federal Rule of Civil Procedure 8 and allowed Denison to amend her Complaint to comply with that Rule.

    On July 16, 2007, Denison filed an Amended Complaint against Marvin Brown, Stephen Hobbs, Barbara Craig, Larry Giustina, Chris

2 - OPINION AND ORDER

Heffernan, William Hutchinson, Jennifer Phillipi, and Diane Snyder in their official capacities and against the Oregon Board of Forestry (BOF) seeking declaratory and injunctive relief on the grounds that a state land exchange involving Kent Grewe and Martin Nygaard violated the Administrative Procedures Act (APA), 2 U.S.C. § 1403-1407; the Endangered Species Act (ESA), 16 U.S.C. § 1531-1544; the Clean Water Act (CWA), 33 U.S.C. § 1251-1387; the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution; Article 1, Sections 1, 10, 20, and 33 of the Oregon Constitution; and the Federal Land and Policy Management Act (FLMPA), 43 U.S.C. § 1716(e)(2).

On August 24, 2007, before Defendants filed a response to Denison's Amended Complaint, Denison filed a Second Amended Complaint against Brown, Hobbs, Craig, Giustina, Heffernan, Hutchinson, Phillipi, Snyder, and William L. Richardson (State Defendants) in their official capacities as well as Grewe and Nygaard[1] on the grounds that the Grewe/Nygaard land exchange violated the APA; the ESA; the Northwest Oregon Forest Management Plan, 36 C.F.R. §§ 219.19 and 219.23; the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution; Article 1, Sections 1, 20, and 33 of the Oregon Constitution; FLMPA; the Security Exchange Act, 15 U.S.C. § 78; and Oregon's

---

[1] In her Second Amended Complaint, Denison did not include the BOF as a party and did not assert claims against the BOF.

3 - OPINION AND ORDER

Fraudulent Conveyances Act, Or. Rev. Stat. § 95.130, *et seq*. Denison requested the Court to (1) rescind the exchange transaction and terminate the exchanges as void, (2) rescind the transfer of the deeds, (3) reverse the orders of Brown and the BOF and require new appraisals of the land values, (4) require a survey of the tracts to determine action regarding Northern Spotted Owls and Marbled Murrelets, and (5) reverse the Oregon Court of Appeals and BOF decisions.

On September 21, 2007, State Defendants filed a Motion to Dismiss the Second Amended Complaint.

On December 10, 2007, the Court issued an Opinion and Order in which it granted State Defendants' Motion to Dismiss the Second Amended Complaint.  In its December 10, 2007, Opinion and Order, the Court advised Denison that:

1.   The allegations and claims against Defendant Richardson involve actions that he performed in his capacity as a judge for the Oregon Court of Appeals, and, therefore, Richardson is judicially immune from Denison's claims.

2.   The claims and requests for relief against State Defendants in their official capacities for past alleged violations of federal statutes and regulations are barred by the Eleventh Amendment with the exception of those claims against State Defendants in which Denison only seeks prospective injunctive relief.

3.  The Court lacks subject-matter jurisdiction over Denison's claims pursuant to the *Rooker-Feldman* doctrine to the extent she seeks direct or indirect relief from the decision of the Oregon Court of Appeals.

4.  The claims in this matter that actually were litigated or could have been raised in the state proceedings are barred by the doctrine of claim preclusion.  Thus, all of Denison's state-law claims against State Defendants are also barred.

The Court also advised Denison that she must separately state any claim that she seeks to pursue in her Third Amended Complaint against Defendants Grewe and Nygaard, who are private individuals, to ensure those claims are not precluded by the state-court action.  The Court granted Denison leave to file a Third Amended Complaint to attempt to cure the deficiencies set forth in the Court's Opinion and Order.

On February 4, 2008, Denison filed a Third Amended Complaint against the BOF, State Defendants in their official capacities, Grewe, and Nygaard on the grounds that the BOF, Richardson, Grewe and Nygaard neglected their duties because they "misinterpreted laws and rules" and the Grewe/Nygaard land exchange violated the ESA; the Northwest Oregon Forest Management Plan, 36 C.F.R. §§ 219.19 and 219.23; the Fifth, Ninth, and

Fourteenth Amendments to the United States Constitution;
Article 1, Sections 1, 20, and 33 of the Oregon Constitution;
and FLMPA.  Denison requests the Court to (1) reverse the Oregon
Court of Appeals and BOF decisions; (2) rescind the exchange
transaction and terminate the exchanges as void; (3) require
Defendants to "file for proceedings of eminent domain . . . to
condemn [the exchanged properties] for public use, returning the
property and all assets to the board of forestry to manage"; (4)
order the BOF to follow all congressional acts, federal statutes,
regulations, and standards "to clarify their duties"; and (5)
temporarily enjoin all nonrecreational activities on "all
original board of forestry exchange tracts herein pending final
judgment."

        After careful review, the Court concludes Denison's Third
Amended Complaint does not cure the deficiencies set forth in the
Court's December 10, 2007, Opinion and Order with respect to
State Defendants and the BOF.

        In addition, Denison makes only the following allegations in
her Third Amended Complaint against Grewe and Nygaard:  (1) their
"lawyers mislead the bof in Interpretation [*sic*] of rules that
define the laws that must be in accordance with applicable laws,
including federal when the public interest is affected"; (2) they
"exceeded the scope of authority, omitting Forest Management Plan
ESA requirements"; and (3) "A lands board agent struggled to get

6 - OPINION AND ORDER

false information across to that board saying bof approved the
sandstone, shows she works for Grewe and Nygaard more than the
public.  The smell of bribery permeates the whole process . . .
[and] indicate[s] conspiracy to defraud the government."

     With respect to the first allegation, the kind of claim
Denison is attempting to assert against Grewe and Nygaard is
unclear.  To the extent Denison intends to assert a fraud claim,
"[it] is well established . . . that misrepresentations of the
law are not actionable as fraud . . . because statements of the
law are considered merely opinions."  *Sosa v. DIRECTV, Inc.*, 437
F.3d 923, 940 (9th Cir. 2006)(citation omitted).  These
allegations, therefore, do not state a claim against Grewe or
Nygaard.

     With respect to Denison's second allegation, Grewe and
Nygaard are private individuals, and, therefore, they are not
charged with enforcement of the Forest Management Plan or the
Endangered Species Act.  Accordingly, this allegation does not
state a claim against Grewe or Nygaard.

     As to Denison's third allegation, her claim that Grewe was
in some way involved in bribery or conspiracy rests on pure
speculation and, therefore, does not support a claim against
Grewe or Nygaard.

     The Court concludes Denison has not cured the deficiencies
set forth in the Court's December 10, 2007, Opinion and Order.

7 - OPINION AND ORDER

Accordingly, the Court dismisses Denison's Third Amended Complaint for failure to state a claim.

## CONCLUSION

For these reasons, the Court *sua sponte* **DISMISSES** this action.

IT IS SO ORDERED.

DATED this 19th day of February, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


8 - OPINION AND ORDER